# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KELLY ANDERSON,

                        **Plaintiff,**                       **Civil Action**

**vs.**                                             **No. 09-2526-KHV-DJW**

UNITED PARCEL SERVICE, INC.,

                        **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel Responses to Its First Interrogatories (ECF No. 27). For the reasons set forth below, the motion is granted in part and denied in part.

## I.     Nature of the Matter Before the Court

This is an action brought against Defendant, United Parcel Service, Inc. ("UPS"), by Kelly Anderson, a former UPS employee. Plaintiff asserts four claims in her Complaint:

    (1)    discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA");

    (2)    retaliation in violation of the ADA, specifically, 42 U.S.C. § 12203(a);

    (3)    interference, coercion, and intimidation in violation of the ADA, specifically, 42 U.S.C. § 12203(b); and

    (4)    wrongful/retaliatory discharge in violation of Kansas law, based on Plaintiff's filing of a workers' compensation claim.

## II.    Analysis

Defendant moves for an order overruling Defendant's numerous objections to Interrogatories 2, 7, 9, 11-15, 17, and 20-24 and compelling Plaintiff to fully answer those interrogatories.

Defendant asserts generally that these interrogatories seek "information pertaining to facts underlying Plaintiff's allegations and claims against UPS in her Complaint, and identification of individuals with knowledge and documents pertaining to those allegations."[1] Plaintiff has objected to Defendant's Interrogatories with a set of "General Objections" in which she objects to each interrogatory "to the extent that . . . ." With the exception of Interrogatory 20, Plaintiff also objects to each of these interrogatories individually, or at least reiterates or re-words her general objections in her response to each.

### A. Plaintiff's "General Objections"

Plaintiff's Answers and Objections to Defendant's First Interrogatories to Plaintiff begin with "General Objections" that Plaintiff expressly states are "incorporated by reference" into each of her individual responses to each interrogatory. Illustrative of these "General Objections" is Plaintiff's objection "to the Interrogatories to the extent they are overly broad, unduly burdensome, seek information not relevant to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible evidence." Also illustrative is Plaintiff's objection "to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or immunities."

This Court summarized its position regarding such general objections in *Johnson v. Kraft Foods North America, Inc.*,[2] wherein it stated:

> This Court has on several occasions disapproved of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery. The Court has characterized these types of objections as "worthless for anything

---

[1]Def.'s Mem. in Supp. of Mot. to Compel at 2.

[2]236 F.R.D. 535 (D. Kan. 2006).

2

beyond delay of the discovery." Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery. Thus, this Court has deemed such ostensible objections waived or declined to consider them as objections at all.[3]

In light of these rules and given that Plaintiff made no meaningful effort to demonstrate the application of any of her general objections to any particular interrogatory, the Court finds Plaintiff's general objections to be of no consequence and overrules them.

The Court will now proceed to examine the specific objections that Plaintiff asserted in her individual responses to Interrogatories No. 2, 7, 9, 11-15, 17, and 20-24.

## B.      Interrogatory No. 2

Interrogatory No. 2 asks Plaintiff to identify "all persons with whom you have discussed any of the facts which form the basis of your Complaint" and to provide a synopsis of those discussions, including the date and place of the discussion.

Plaintiff responded and objected as follows:

Plaintiff objects to this interrogatory as it seemingly seeks information with an unreasonable degree of precision and specificity; also, this interrogatory requires speculation as to every individual with whom plaintiff may have discussed any of that seemingly sought. As such, it is unduly vague, ambiguous, overbroad, and burdensome. Plaintiff cannot possibly know of or recall "all" persons she may have discussed "any facts" that may "form the basis" for her Complaint, let alone recall the date and place where such occurred and provide a "synopsis" of such, if and assuming any such discussions related to that sought occurred. Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion, with respect to, in particular, "facts which form the basis of your Complaint." Plaintiff also objects to this interrogatory as it potentially seeks information, including communications between counsel and Plaintiff, which is protected by the attorney-client privilege, from which Defendant may ascertain the mental impressions, strategies and trial preparation materials of counsel which are protected from disclosure as work product, and/or otherwise protected by law from disclosure as private or confidential

---

[3]*See id.* at 538 (citations omitted).

3

communications; yet, without waiving said objections and observations, based on Plaintiff's understanding of this interrogatory, Plaintiff has not withheld any information or materials based on such. Notwithstanding and without in any way waiving any other objections or observations set forth herein, Plaintiff provides the following answer to this interrogatory as she understands such based on the manner or way in which such has been phrased and propounded: Plaintiff has discussed that seemingly sought through this interrogatory with her legal counsel and husband on a number of occasions at various locations. Defendant is aware of the name, address and telephone number of these individuals. A synopsis of these discussions is set forth in Plaintiff's Complaint.

The Court finds Interrogatory No. 2 to be objectionable because it asks Plaintiff to provide information about discussions regarding "*any of the facts* which form the basis of your Complaint." The Court finds such an interrogatory to be overly broad and unduly burdensome on its face. This Court generally finds interrogatories overly broad and unduly burdensome on their face when they ask for "every" or "all facts" that support identified allegations or defenses.[4] The Court believes that the same rule should apply when an interrogatory asks a party to identify *all discussions* about *any or all facts* pled in a complaint or *any or all facts* giving rising to the allegations in a complaint.

That an interrogatory asks for "all facts" or "all discussions" about "all facts pled" does not, however, relieve the responding party from altogether answering the interrogatory. It is well settled that a responding party has the duty to answer an overly broad or unduly burdensome interrogatory to the extent it is not objectionable.[5] It is also well settled that interrogatories may properly ask for the "principal or material" facts which support an allegation or defense.[6] Furthermore, this Court

---

[4]*See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998) (finding interrogatory overly broad and unduly burdensome on its face where interrogatory asked plaintiff to "state all facts and identify each and every witness and document that supports [her] allegation").

[5]*Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 502 (D. Kan. 2006) (citations omitted).

[6]*Id*. (citations omitted); *Hiskett*, 180 F.R.D. at 405 (citing Fed. R. Civ. P. 33).

has held that "interrogatories 'which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations' may possibly survive objections that they are overly broad or unduly burdensome."[7]  Finally, Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding any nonprivileged matter relevant to a party's claims—including "the identity and location of persons who know of any discoverable matter."[8]

In light of the foregoing, the Court sustains Plaintiff's overly broad and unduly burdensome objections; however, Plaintiff still has a duty to answer this interrogatory to the extent it is not objectionable, i.e., by providing the requested information for *principal or material facts that form the basis of her Complaint*.  This, of course, presumes that none of Plaintiff's other objections is sustained.  Accordingly, the Court will proceed to determine whether Plaintiff has asserted any other valid objections and whether they should be sustained such that Plaintiff is completely relieved of the obligation to respond to this interrogatory.

The Court does not find Plaintiff's vague, ambiguous, speculative and "unreasonable degree of precision and specificity" to be valid objections, particularly if the interrogatory is limited to discussions about the principal or material facts that form the basis of her Complaint.  Nor does the Court finds Plaintiff's "legal conclusion" objection to have any merit.  The fact that a discovery request "calls for a legal conclusion" is not a recognized valid objection.[9]  Furthermore, a defendant is entitled to inquire about facts that form the basis of a plaintiff's claims or facts that support an

---

[7]*Williams*, 235 F.R.D. at 502 (citations and internal quotations omitted).

[8]Fed. R. Civ. P. 26(b)(1).

[9]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 648 (D. Kan. 2004) ("That a discovery request 'calls for a legal conclusion' is not a valid objection.") (citations omitted).

allegation.[10] Thus, merely because this interrogatory asks Plaintiff to provide information regarding "facts which form the basis of your Complaint" does not render it objectionable. The Court thus overrules these objections.

Plaintiff's sole remaining objection[11] is that the interrogatory potentially seeks information, including discussions between counsel and Plaintiff, which is protected by the attorney-client privilege. Defendant states in its reply brief that it is not seeking any attorney-client communications.[12] The Court therefore holds that Plaintiff is not required to respond with any information about privileged discussions that she has had with her attorney regarding the facts which form the basis of her Complaint.

In light of the foregoing, the Court directs Plaintiff to serve an amended response to this interrogatory, as modified as follows: Plaintiff shall "identify by name, address and telephone number all persons with whom you have discussed any of the principal or material facts which form the basis of your Complaint, and provide a synopsis of the discussion including the date and place

---

[10]*Bradley v. Val-Mejias,* No. 00-2395-GTV-DJW, 2001 WL 1249339, at *1 (D. Kan. Oct. 9, 2001) ("A defendant is entitled to know the factual basis of a plaintiff's allegations.") (citing *Towner v. Med James, Inc.*, No. 94-2285-GTV, 1995 WL 477700, at *3 (Aug. 9, 1995); *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)).

[11]The Court notes that Plaintiff made one additional objection *in her brief* opposing the Motion to Compel. Plaintiff asserts in her opposition brief that "communications she has had with her spouse would be protected from disclosure." Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel (ECF No. 29) at 8. Plaintiff did not assert this objection in her initial response to this interrogatory, and, in fact, Plaintiff proceeded to answer the interrogatory, as least in part, by stating that she had discussed the facts of her Complaint with her husband "on a number of occasions at various locations." Plaintiff has therefore waived this objection, and the Court need not address the merits of it. *See Cardenas v. Dorel Juvenile Group, Inc*., 230 F.R.D. 611, 621 (D. Kan. 2005) ("It is . . . well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived.") (citations omitted).

[12]*See* Def.'s Reply in Supp. of Mot. to Compel (ECF No. 32) at 6.

where the discussion occurred." As noted above, Plaintiff is not required to provide information for privileged discussions between her and her attorneys. Furthermore, to the extent Plaintiff is unable to determine the identity of all persons with whom she has discussed the principal/material facts forming the basis of her Complaint or the dates or locations of those discussions, she should state that under oath and indicate what efforts she has made to find or determine that information.[13] Plaintiff shall serve her amended response within **ten (10) days** of the date of this Order.

### C. Interrogatory No. 7

This interrogatory asks Plaintiff to provide the following information:

> With respect to your allegations in paragraph 1 of your Complaint herein that UPS has "a de facto corporate-wide policy, pattern and practice" requiring Ms. Anderson "to provide a 'full' or '100%' medical release, without restrictions, before permitting her to return to work full-time following a medical leave of absence," please state: all facts which you believe support these allegations; all facts which you believe support the allegation that such a policy was applied to Ms. Anderson; the identity of any person whom you believe may have knowledge of the facts supporting these allegations; describe all statements which you claim may support these allegations; and identify all documents which support, concern or reference these allegations.

Plaintiff responded and objected as follows:

> Plaintiff objects to this interrogatory as it is unduly vague, ambiguous, overbroad, and burdensome; also, this interrogatory seemingly seeks information with an unreasonable degree of precision and specificity, particularly, at this stage of the litigation; as such, it is unduly burdensome for Plaintiff. Plaintiff cannot possibly identify "all" facts and statements which support the related allegations. Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion. Plaintiff further objects to this interrogatory as it seemingly seeks information in contravention of or inconsistent with the Court's Scheduling Order and the FRCP with respect to the timing or disclosure of the information seemingly sought. Additionally, Plaintiff objects to the manner in which this interrogatory has been propounded and set forth, in that Defendant has impermissibly attempted to evade the limitations established as to the permissible number of interrogatories by setting forth and asking numerous, multiple independent questions or interrogatories; these are not

---

[13]*Continental*, 136 F.R.D. at 684 ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.")

permissible subparts, but, rather, independent and separate interrogatories. This interrogatory is also objected to in that Defendant is or should be fully aware of that which supports Plaintiff's related allegations, given, among other things, related litigation and agency findings; likewise, Defendant is or should be in possession of all that information seemingly sought through this interrogatory. Notwithstanding and without in any way waiving any other objections or observations set forth herein, Plaintiff provides the following answer to this interrogatory as she understands such based on the manner or way in which such has been phrased and propounded: Among other things: that set forth in Plaintiff's Complaint in paragraphs 1, 3, 4, 7, 8, 9, 10, 11, 12, 36, 41, 44, 45, 55, 56, and 57; certification of a nationwide class action on behalf of current and former United Parcel Service Inc. employees based on evidence of the very unlawful corporate-wide policy alleged herein; the EEOC has entered into a consent decree with UPS whereby it was found that UPS had a 100% release policy which was a per se violation of the ADA; UPS materials recognizing the existence of such an unlawful policy; numerous EEOC Determinations finding just such an unlawful corporate-wide policy; declarations from past and current employees recognizing such a policy; Dr. Lowry Jones telling Plaintiff she could not work at UPS and would be unlikely to find work elsewhere based on her condition and related impairments and the related restrictions placed on her; and, UPS management, including Mr. R.L. Riddle, telling Ms. Anderson she could not work at UPS with restrictions. Plaintiff has provided Defendant with materials and documentation that she believes to be responsive to this discovery request; further, Plaintiff has a reasonable belief that related documents, materials, and information are or should be in the possession of Defendant.

In her response to the Motion to Compel, Plaintiff does not support or discuss her objection that this interrogatory "seeks information in contravention of or inconsistent with the Court's Scheduling Order and the FRCP with respect to the timing or disclosure of the information seemingly sought." Nor does Plaintiff support or discuss her objection that Defendant has "impermissibly attempted to evade the limitations established as to the permissible number of interrogatories by setting forth and asking numerous, multiple independent questions or interrogatories; these are not permissible subparts, but, rather, independent and separate interrogatories." These objections are therefore overruled.[14]

---

[14]Objections that are initially raised in a party's response to a discovery request but that are not relied upon or discussed in response to a motion to compel will be deemed abandoned. *Moses v. Halstead,* 236 F.R.D. 667, 672 n.8 (D. Kan. 2006) (citing *Cardenas v. Dorel Juvenile Group, Inc*., (continued...)

Plaintiff's objection that the interrogatory calls for a "legal conclusion" is also overruled. Plaintiff does not address this objection in her opposition brief. In any event, as discussed above, it is not a valid objection.

The Court now turns to Plaintiff's objection that "Defendant is or should be fully aware of that which supports Plaintiff's related allegations, given, among other things, related litigation and agency findings; likewise, Defendant is or should be in possession of all that information seemingly sought through this interrogatory." In support of this objection, Plaintiff states in her opposition brief that Defendant "is fully aware of information and materials more than substantiating these allegations and it has failed or refused to provide related information and materials."[15] She also states that "Plaintiff has given a very detailed answer to this interrogatory which specifically states that in support of her related allegations."[16] The Court overrules this objection. A party is not excused from answering an interrogatory because it believes the propounding party has failed to be forthcoming with its own discovery responses.[17] In addition, Defendant is entitled to know the facts that Plaintiff herself believes support her allegations, the persons whom Plaintiff believes have

---

[14](...continued)
232 F.R.D. 377, 380 n.15 (D. Kan. 2005)); s*ee also Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (party resisting a discovery request based on overbreadth, vagueness, ambiguity, undue burden/expense and other objections bears the burden to support the objections).

[15]Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel (ECF No. 29) at 9.

[16]*Id.*

[17]*See Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536, 538 (D. Kan. 1989) ("Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [Defendant] Honda. Plaintiff must be aware of some defect in the vehicle which forms the basis of his own complaint.").

knowledge of these allegations, and the documents that Plaintiff contends support the allegations.[18]

The Court will now turn to Plaintiff's "unduly vague" and ambiguous objections. The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.[19] Furthermore, the responding party is required to "exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[20] The Court sees nothing vague or ambiguous about this interrogatory—at least to the extent it asks Plaintiff to state facts that she believes support certain specific allegations contained in her Complaint (allegations that Plaintiff's own attorney drafted), identify persons with knowledge of those facts, and identify documents that support those allegations. The Court therefore overrules these objections. The Court, however, does find the interrogatory to be vague and ambiguous to the extent it asks Plaintiff to "describe all statements which you claim may support these allegations." It is unclear to the Court how Plaintiff would "describe" a statement. It is also unclear what type of "statement" Defendant is referring to: is Defendant referring to statements that Plaintiff may have taken from witnesses as part of her investigation of this case, or is Defendant referring merely to oral or written representations made by individuals at any time? The Court therefore sustains this objection, and Plaintiff is relieved from the obligation to respond to this particular portion of the interrogatory.

The Court now turns to Plaintiff's remaining objections, that the interrogatory is overbroad and burdensome and "seemingly seeks information with an unreasonable degree of precision and

---

[18]*See id.* ("An interrogatory may properly inquire into a party's contentions in the case"; *see also Bradley,* 2001 WL 1249339, at *1 ("A defendant is entitled to know the factual basis of a plaintiff's allegations.").

[19]*Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006) (citations omitted).

[20]*Id.* (citations omitted).

specificity, particularly at this state of the litigation [and] as such . . . is unduly burdensome." These objections are tied to Plaintiff's statement that she "cannot possble [sic] identify 'all' facts and statements which support the related allegations."

The Court agrees with Plaintiff that this interrogatory is overly broad on its face because it asks Plaintiff to provide "all facts" that support the referenced allegations and to identify persons who have knowledge of each of these facts. The Court finds this interrogatory similar to the one at issue in *Hisektt v. Wal-Mart Stores, Inc.*[21] In that case, the interrogatory asked the plaintiff to "state all facts and identify each and every witness and document that supports [the plaintiff's] allegation that she was denied the position because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act of Discrimination," as set out in a particular paragraph of her complaint.[22] The Court in *Hiskett* noted that the interrogatory, which only referred to one paragraph of the complaint, was not as egregious as one that would ask the plaintiff to identify all facts supporting a plaintiff's entire complaint. The Court, however, still found the interrogatory to be overbroad and unduly burdensome.[23] The Court directed Plaintiff to answer the interrogatory with respect to the "principal" or "material" facts that supported the allegations contained in that paragraph.[24]

The Court rules in a similar manner here. The Court sustains Plaintiff's over broad and unduly burdensome objections to the extent this interrogatory seeks information relating to "all"

---

[21]180 F.R.D. 403 (D. Kan. 1998).

[22]*Id.* at 404.

[23]*Id*. at 405.

[24]*Id*.

facts, and will narrows it to the "principal" or "material facts." Plaintiff shall therefore serve an

amended response to the interrogatory, which the Court modifies as follows:

> With respect to your allegations in paragraph 1 of your Complaint herein that UPS
> has "a de facto corporate-wide policy, pattern and practice" requiring Ms. Anderson
> "to provide a 'full' or '100%' medical release, without restrictions, before permitting
> her to return to work full-time following a medical leave of absence," please state:
> *the principal or material facts* which you believe support these allegations; *the
> principal or material facts* which you believe support the allegation that such a
> policy was applied to Ms. Anderson; the identity of any person whom you believe
> may have knowledge of the *principal or material* facts supporting these allegations;
> and identify all documents which support, concern or reference these allegations.

In her amended response, Plaintiff must refrain from referring Defendant to paragraphs of

the Complaint in lieu of providing a written answer to the questions propounded in the interrogatory,

as she did in her initial response.[25] Defendant argues, and the Court agrees, that Defendant should

not have to comb through the numerous allegations contained in Plaintiff's Complaint "to attempt

to guess what specific factual information Plaintiff claims supports the allegations" referenced in

Defendant's interrogatories.[26] Furthermore, courts typically hold that referring the propounding

party to other pleadings, or incorporating by reference portions of other pleadings such as the

complaint, is insufficient to answer an interrogatory.[27]

---

[25]In her response, Plaintiff states that subject to her objections, she "provides the following answer . . . .: Among other things; that set forth in Plaintiff's Complaint in paragraphs 1, 3, 4, 7, 8, 9, 10, 11, 12, 36, 41, 44, 45, 55, 56, and 57 . . . ."

[26]Def.'s Mem. in Supp. of Mot. to Compel (ECF No. 28) at 5.

[27]*See, e.g.*, *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM, 2008 WL 2704473, at * 1 (D. Kan. July 8, 2008) ("It is well settled that a party may not answer an interrogatory by generally referring to pleadings filed in the case or depositions taken in this or other cases.") (citations omitted); *Turner v. Chrysler Motors Corp.*, No. Civ. A. No. 87-3423, 1987 WL 26535, at *2 (E.D. Pa. Dec. 2, 1987) (finding interrogatory answers that "refer to Complaint Paragraphs No. __" to be improper "non-responses"); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus*, Federal Practice & Procedure* §2177 at 80 (3d ed 2010) ("Interrogatories should be answered directly and without evasion in accordance with information that the answering party
(continued...)

The Motion to Compel as to Interrogatory No 7 is granted in part as set forth above.  Plaintiff shall serve her amended response within **ten (10) days** of the date of this Order.

**D.      Interrogatory No. 9**

Interrogatory No. 9 seeks information relating to allegations in Paragraph 4 of Plaintiff's Complaint and is similar to Interrogatory No. 7.  It seeks the following information:

> With respect to your allegations in paragraph 4 of your Complaint herein that:  "UPS . . . regards or perceives Ms. Anderson as being disabled," please state:  all facts which you believe support these allegations; the identity of each person at UPS whom you believe so regards or perceives Ms. Anderson; the identity of any person whom you believe may have knowledge of the facts supporting these allegations; describe all statements which you claim may support these allegations; and identify all documents which support, concern or reference these allegations.

Plaintiff's objections and response to this interrogatory are identical to those she asserted in response to Interrogatory No. 7.  As she also did in responding to Interrogatory No. 7, she refers to various paragraphs of her Complaint. The Court makes the same rulings on the objections as it did with respect to Interrogatory No. 7.   Within **ten (10) days** of the date of this Order, Plaintiff shall serve an amended response to this interrogatory, which is modified to read as follows:

> With respect to your allegations in paragraph 4 of your Complaint herein that:  "UPS . . . regards or perceives Ms. Anderson as being disabled," please state:  the *principal or material* facts which you believe support these allegations; the identity of each person at UPS whom you believe so regards or perceives Ms. Anderson; the identity of any person whom you believe may have knowledge of the *principal or material* facts supporting these allegations; and identify all documents which support, concern or reference these allegations.

As in the case of Interrogatory No. 7, Plaintiff shall refrain from referring Defendant to paragraphs of the Complaint in lieu of providing a written answer to the questions propounded in the interrogatory.

---

[27](...continued)
possesses after due inquiry.  Simply referring to pleadings or other discovery is frequently found insufficient.").

**E.      Interrogatory No. 11**

Interrogatory No. 11 is similar to Interrogatories No. 7 and 9, but seeks information about the allegations contained in Paragraph 10 of Plaintiff's Complaint. It asks for the following information:

> With respect to your allegations in paragraph 10 of your Complaint herein that: "Defendant has interfered with, retaliated against, and engaged in other types of unlawful harassment and intimidation in connection with Ms. Anderson's accommodation requests and related workers compensation claim," please state: all facts which you believe support these allegations; the identity of each person at UPS whom you believe has engaged in this alleged conduct; identify the alleged acts on [sic] interference, retaliation, harassment and intimidation referenced including the dates of the alleged acts; the identity of any person whom you believe may have knowledge of the facts supporting these allegations; and identify all documents which support, concern or reference these allegations.

In responding to this Interrogatory, Plaintiff asserted the same objections that she asserted in response to Interrogatories No. 7 and 9. As she also did in responding to those interrogatories, she referred to various paragraphs of her Complaint. The Court makes the same rulings on these objections as it did with respect to the objections asserted to Interrogatory No. 7. Also, as in the case of Interrogatories No. 7 and 9, Plaintiff shall refrain from referring Defendant to paragraphs of the Complaint in lieu of providing a written answer to the questions propounded in the interrogatory. Within **ten (10) days** of the date of this Order, Plaintiff shall serve an amended response to this interrogatory, which is modified to read as follows:

> With respect to your allegations in paragraph 10 of your Complaint herein that: "Defendant has interfered with, retaliated against, and engaged in other types of unlawful harassment and intimidation in connection with Ms. Anderson's accommodation requests and related workers' compensation claim," please state: the *principal or material* facts which you believe support these allegations; the identity of each person at UPS whom you believe has engaged in this alleged conduct; identify the alleged acts of interference, retaliation, harassment and intimidation referenced including the dates of the alleged acts; the identity of any person whom you believe may have knowledge of the *principal or material* facts supporting these allegations; and identify all documents which support, concern or reference these allegations.

### F. Interrogatories No. 12-15 & 17

These interrogatories are substantially similar to Interrogatories No. 7 and 9, and each seeks information relating to allegations made in specific paragraphs of the Complaint. Because Plaintiff makes the same objections to these interrogatories as she did to Interrogatories No. 7 & and 9, the Court makes the same rulings as to the objections. Plaintiff shall serve amended responses to these interrogatories, which should be modified to read consistent with the above, i.e., so that the interrogatories ask Plaintiff to provide *the principal or material* facts that she believes support the allegations and to identify the persons she believe may have knowledge of the *principal or material facts* supporting th allegations. Also, Plaintiff shall refrain from referring Defendant to paragraphs of the Complaint in lieu of providing a written answer to the questions propounded in the interrogatories. Plaintiff need not "describe all statements" that she claims support the allegations.

### G. Interrogatory No. 20

Interrogatory No. 20 seeks information regarding Plaintiff's claimed damages. It asks Plaintiff to:

> Identify each item of damage you claim you sustained as a result of the alleged conduct of UPS; and further state the dollar amount you are claiming for each item of damage; including all monetary and non-monetary items and the manner in which you have calculated the dollar amount of each such item of damages; the date(s), time, place and circumstance under which the loss occurred; identify all individuals who have knowledge of the facts and circumstances of these alleged damages; and identify all documents which may support, concern or reference your alleged damages.

> Plaintiff responded as follows:

> [Plaintiff] Anderson qualifies each of these figures by stating that all of these amounts are subject to review and recalculation with the assistance of an economic expert. Anderson also states that her answers herein are subject to supplementation pursuant to Fed. R. Civ. P. 33. Subject to those qualifications, Anderson is entitled to lost wages equal to her rate of pay at the time of her termination, subject to

15

facility-wide increases, from January 2007 to present. In addition, Anderson seeks future lost wages equal to her rate of pay at the time of her termination, subject to increases in accordance with historic patterns of wage increases, from present until December 2010. In addition, Anderson seeks compensation for the lost benefits of health insurance, dental insurance, vision care insurance, term life insurance, and lost pension contributions. Anderson also seeks recovery for the value of her lost opportunity to vest in her pension. The total of all of these damages is estimated by Anderson at this time to equal $992,020. Anderson's calculation and itemization of categories of damages is based on her present knowledge without the assistance of a qualified expert, and subject to and will be revised according to responses to defendant's responses to plaintiff's discovery requests and potentially with the assistance of an expert witness. Anderson also claims damages relating to the emotional distress she suffered as a result of the conduct of management at the UPS facility in Parsons, Kansas, in an amount equal to approximately $250,000.

Anderson hereby identifies her husband Marty Anderson as having knowledge concerning Anderson's damages. Anderson hereby identifies all tax returns, payroll records and all documents describing Anderson's wages, pensions and benefits at UPS, all of which are in the custody and control of UPS.

Defendant asserts in its Motion to Compel that Plaintiff's response is incomplete because she provides only the *total sum* of her monetary damages ($992,020) and the *total sum* of her emotional distress damages (approximately $250,000). Defendant asks the Court to compel Plaintiff to amend her answer to (1) identify each item of damages, (2) provide the relevant calculations, and (3) provide "the other information requested."[28] Defendant does not elaborate as to what "other information" Plaintiff should provide, and, in its reply, Defendant merely states that Plaintiff "has not provided the information requested in this interrogatory concerning the dollar amounts of the various types of damages she is seeking or the calculation of such damages."[29] The Court therefore presumes that Defendant is no longer asking the Court to compel Plaintiff to provide "the other information requested" and will limit its discussion and ruling to the first two issues Defendant raises, i.e., whether Plaintiff should be compelled to (1) identify each item of her damages (for both

---

[28]Def.'s Mem. in Supp. of Mot. to Compel (ECF No. 28) at 6.

[29]Def.'s Reply in Supp. of Mot. to Compel (ECF No. 32) at 5.

pecuniary and emotional distress damages), and (2) state the manner in which she has calculated the dollar amount of each particular item of damages.

Plaintiff argues that her answer is sufficient and that she has answered the best she can based on the information currently available to her. She states that her ability to answer the interrogatory has been hampered because Defendant "has refused or failed to provide related information."[30]

Plaintiff's stated reason for not providing the requested information rings hollow. Plaintiff has provided an estimated total of her pecuniary damages in the amount of $992,020, and she states that this sum is comprised of lost wages, future lost wages, lost health insurance, lost dental insurance, lost term life insurance, and lost opportunity to vest in her pension. At the very least then, Plaintiff should be able to provide the estimated dollar amount that she is claiming *for each of those items of damage*. In addition, she should also be able to state the manner in which she has calculated the estimated dollar amounts of each such item of damages. Plaintiff obviously possesses this information; otherwise, she could not have arrived at the $992,020 estimated total sum of pecuniary damages in the first place. The Court will therefore direct Plaintiff to amend her response to this interrogatory to provide the estimated dollar amount she is claiming for *each item of pecuniary damages* and to state the manner in which she has calculated the dollar amount of each such item of pecuniary damages. Plaintiff shall serve her amended response as to pecuniary damages within **ten (10 days)** of the date of this Order.[31]

---

[30]Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel (ECF No. 29) at 13.

[31]Based on Defendant's briefing, the Court believes Defendant's complaint with Plaintiff's answer is not with the fact it is estimated, but that Plaintiff has failed to identify how she arrived at her estimated total sum and has failed to set forth the estimated dollar amounts she is claiming for each particular item of damage.

The Court, however, will deny Defendant's request for an order requiring plaintiff to provide this information regarding her emotional distress damages. Defendant acknowledges in its briefing that this interrogatory seeks the same type of damages information covered by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). That rule requires a party to provide "a computation of each category of damages claimed."[32] Courts have held that because emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii).[33] Certainly, Defendant provides no authority that would require Plaintiff to provide more specific information regarding her emotional distress damages. Accordingly, the Court will not compel Plaintiff to provide any further itemization or computation of her claimed emotional distress damages.

## H.     Interrogatories No. 21-24

Each of these interrogatories asks Plaintiff to identify the acts that form the basis of her various claims and to provide other related information. Interrogatory No. 21 seeks information

---

[32]Fed. R. Civ. P. 26(a)(1)(A)(iii).

[33]*See Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); *Creswell v. HCAL Corp.*, No. 04cv388 BTM (RBB), 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007) ("While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation."); *Gray v. Florida Dep't of Juvenile Justice*, No. 3:06-cv-990-J-20MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007) ("[C]ompensatory damages for emotional distress may not be susceptible to computation and thus, it is within the jurors' ability to determine a reasonable amount. As such, Plaintiff is not required to provide Defendant with a calculation of her suggested compensatory damages for emotional distress pursuant to Rule 26(a)(1)(C).") (internal citation omitted); *see also Burrell v. Crown Centr. Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997) (denying motion to compel requesting plaintiffs to submit computation of compensatory damages attributable to mental anguish where plaintiffs argued trier of fact must determine proper amount of damages for mental anguish).

18

about Plaintiff's ADA discrimination claim; Interrogatory No. 22 seeks information about her ADA retaliation claim; Interrogatory No. 23 seeks information about her ADA interference, coercion, and intimidation claim; and Interrogatory No. 24 seeks information about her common law wrong-ful/retaliatory discharge claim.

Because the interrogatories are identical except as to the particular claim each references, the Court will set out in full only one of the interrogatories. Interrogatory No. 22, which pertains to Plaintiff's ADA retaliation claim, asks Plaintiff to:

> Identify each act that forms the basis of your retaliation claim, including: all facts which you believe may support your claim of retaliation, including the dates, time, statements and actions; the identity (including full name, last known address and telephone number) of any person whom you believe may have knowledge of facts supporting your claim of retaliation; the identity of all individuals whom you claim engaged in the alleged retaliation; describe all statements which you claim may support your allegations of retaliation in your Complaint herein; and identify all documents concerning, referencing, or supporting your claim of retaliation.

Plaintiff asserts objections that are substantially similar to those asserted above in response to Interrogatories No. 7, 9, and 11-15. She objects to each of these interrogatories as "unduly vague, ambiguous, overbroad, and burdensome," in addition to asserting that each seeks information that is unreasonably precise and specific. Plaintiff also claims that these interrogatories call for a legal conclusion and seek information not consistent with the timing provided by the Court's Scheduling Order or the Federal Rules Civil Procedure. Additionally, Plaintiff claims these interrogatories contain impermissible subparts that should be their own separate interrogatories and that Defendant has attempted to evade the numerical limit set for interrogatories. In addition, Plaintiff asserts that "Defendant is or should be fully aware of that which supports Plaintiff's . . . allegations, given, among other things, related litigation and agency findings." She also objects that "Defendant is or should be in possession of all that information seemingly sought through this interrogatory."

Notwithstanding these objections, Plaintiff answers each interrogatory by referring Defendant to thirty-five different paragraphs of her Complaint. Plaintiff also refers Defendant to the following:

> numerous EEOC Determinations finding just such an unlawful corporate-wide policy; plaintiff's charges of discrimination filed with the EEOC; declarations from past and current employees with similar complaints of harassment and intimidation following the reporting of a physical disability; and false accusations made against Anderson relating to the alleged theft of shipping materials.

She then states that she "has provided Defendant with materials and documentation that she believes to be responsive to this discovery request" and she "has a reasonable belief that related documents, materials, and information are or should be in the possession of UPS."

In her brief opposing the Motion to Compel, Plaintiff asserts that these interrogatories are "repetitive, duplicative, and cumulative and [are] addressed in other interrogatory answers" that she has provided.[34] She also argues that the interrogatories are improper and unreasonable because they ask her to identify "all facts." Finally, she states that she believes she has "more than adequately answered and provided the information seemingly sought" and that she will supplement her answers if necessary.[35]

The Court overrules the majority of Plaintiff's objections for the same reasons set forth above with respect to Interrogatories No. 7, 9, and 11-15. The Court agrees with Plaintiff, however, that these interrogatories are overly broad on their face to the extent they ask Plaintiff to identify "all facts" which she believes support each claim and to identify persons whom Plaintiff believes have knowledge of "facts" supporting her claims. The Court will modify these interrogatories so that they ask Plaintiff to provide *the principal or material* facts that she believes support each claim and to

---

[34]Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel (ECF No. 29) at 13.

[35]*Id.*

identify the persons she believe may have knowledge of the *principal or material facts* supporting each claim. In addition, for the same reason cited above with respect to Interrogatory No. 7, the Court will delete that part of these interrogatories which asks Plaintiff to "describe all statements which you claim may support your allegations."

Plaintiff shall serve her amended responses to these interrogatories, as modified by the Court, within **ten (10) days** of the date of this Order. For the same reasons set forth above, Plaintiff shall refrain from referring Defendant to paragraphs of the Complaint in lieu of providing a written answer to the questions propounded in these interrogatories.

## III.    Expenses and Sanctions

Defendant makes no request for sanctions and no request to recover the expenses it has incurred in connection with filing its Motion to Compel. The Court must nevertheless consider these issues.

Federal Rule of Civil Procedure 37(a)(5) governs the award of fees and expenses in connection with motions to compel. It requires the Court to award reasonable expenses and attorney's fees to the prevailing party unless the position of the non-prevailing party was substantially justified or other circumstances make an award of expenses unjust.[36] If a discovery motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion.[37] Courts have generally held that a party's position (i.e., motion, request, response, or objection) is "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that

---

[36]*See* Fed. R. Civ. P. 37(a)(5)(A) and (B).

[37]Fed. R. Civ. P. 37(a)(5)(C).

could satisfy a reasonable person"[38] or if "reasonable people could differ as to the appropriateness" of the objection or response.[39]  The decision whether to impose sanctions when a court partially grants a motion to compel lies within the court's sound discretion, and the court must consider on a case-by-case basis whether the moving and responding parties' positions were substantially justified and whether certain circumstances may make the imposition of sanctions inappropriate.[40]

Rule 26(g) also provides for sanctions in connection with discovery.  Rule 26(g) requires that every discovery request, response, or objection be signed by at least one attorney of record or by the pro se party.[41]  More importantly, the Rule provides that the person's signature "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the discovery request, response, or objection is "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law."[42]  The signature also certifies that the request, response, or objection is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly

---

[38]*See, e.g., Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir.  2005); *Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Auth.* 295 F.3d 108, 116 (1st Cir. 2002); *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04-2478-KHV-DJW, 2005 WL 3503625, at *2 (D. Kan. Dec. 22, 2005).

[39]*Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2008 WL 833509, at *1 (D. Kan. Mar.  27, 2008); *Cardenas,* 2005 WL 3503625, at *2.  In a similar context, the Supreme Court has held that "substantially justified" does not mean "justified to a high degree," but only "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (construing government's obligations under Equal Access to Justice Act).

[40]*Moss v. Blue Cross and Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (citations omitted).

[41]Fed. R. Civ. P. 26(g)(1).

[42]Fed. R. Civ. P. 26(g)(1)(B)(i).

increase the cost of litigation."[43]   Finally, the signature certifies that the request, response, or objection is neither unreasonable nor unduly burdensome, considering the amount in controversy and the significance of the issues at stake in the case.[44]

If an attorney or pro se party makes a Rule 26(g) certification that violates the Rule and the violation is "without substantial justification," the Court, on motion or *sua sponte*, "*must* impose an appropriate sanction" on the signer, the party on whose behalf the signer was acting, or both of them.[45]   Such a sanction may include an order to pay the reasonable expenses caused by the violation, including attorney's fees.[46]

The 1983 Advisory Committee's Notes to Rule 26(g) elaborate on the attorney's duties under the Rule.  The Notes explain that an attorney has an "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of Rules 26 through 37."[47]   The Advisory Committee further observes:

> Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions.  The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.
>
> * * * *
>
> If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse.  With this in mind, Rule 26(g), which parallels the amendments to Rule 11, requires an attorney or unrepresented party to sign each discovery request, response, or objection.
>
> * * * *

---

[43]Fed. R. Civ. P. 26(g)(1)(B)(ii).

[44]Fed. R. Civ. P. 26(g)(1)(B)(iii).

[45]Fed. R. Civ. P. 26(g)(3) (emphasis added).

[46]*Id.*

[47]Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments.

Although the certification duty requires the lawyer to pause and consider the reasonableness of his request, response, or objection, it is not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection.[48]

As Magistrate Judge Paul W. Grimm observed in his recent opinion, *Mancia v. Mayflower Textile Services. Co.*,[49] Rule 26(g) was enacted "to eliminate one of the most prevalent of all discovery abuses: kneejerk discovery requests served without consideration of cost or burden to the responding party."[50] It was also enacted "to bring an end to the equally abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual basis."[51]

With these standards in mind, the Court has carefully considered the interrogatories and objections at issue in this Motion to Compel, as well as the arguments of counsel. The Court finds that the vast majority of Plaintiff's specific objections were unsupported and/or not supported by any case law, and, thus, did not meet the minimum standards required by Rule 26(g). In addition, considering the number of times this Court has made it very clear that general objections such as those asserted by Plaintiff are invalid and inappropriate, it appears to the Court that Plaintiffs' counsel did not stop and consider the legitimacy of these objections. Thus, Plaintiff's general objections also appear to be in violation of Rule 26(g).

The Court's concerns, however, are not limited to Plaintiff's objections. The Court also questions the reasonableness of Defendant's interrogatories to the extent they called for Plaintiff to provide "all facts" or "any of the facts which form the basis of your Complaint," etc. This Court's

---

[48]*Id.*

[49]253 F.R.D. 354 (D. Md. 2008).

[50]*Id.* at 358.

[51]*Id.*

decisions make it clear that such requests are overly broad and objectionable. The Court finds that these requests violate Rule 26(g).

Because the Court has not previously warned counsel that Rule 26(g) will be more rigorously enforced, only minimal sanctions will be imposed. The Court hereby awards Plaintiff sanctions in the amount of $100.00 as a result of the sanctionable conduct of Defendant's counsel. Within **twenty (20) days** of the date of this Order, the counsel for Defendant who signed and served the interrogatories on Plaintiff[52] shall pay Plaintiff $100.00 and file a certificate showing payment. Within that same time period, counsel for Plaintiff, Brian R. Barjenbruch, who signed the responses and objections, shall pay Defendant $100.00 as a result of the sanctionable conduct of Plaintiff's counsel, and shall file a certificate of payment within that same twenty day period.

To avoid further and more substantial sanctions, the Court strongly encourages counsel, when conducting further discovery in this case, to pause and consider the reasonableness of their discovery requests, responses, or objections before serving them and to take all steps necessary to ensure that the requests and responses comply with Rule 26(g) standards. The Court will not hesitate to impose substantial Rule 26(g) sanctions if it finds further violations of the Rule. This Court's concerns about discovery abuse lead it to conclude that more aggressive judicial control and supervision are warranted, not only to penalize those attorneys and parties whose conduct violates Rule 26(g),but also to deter those who may be tempted to engage in abusive discovery practices in the absence of such a deterrent.

The Court declines to award or apportion under Rule 37(a)(5)(C) any expenses or fees that either party has incurred in connection with this Motion to Compel. Under the particular

---

[52]The record does not reveal which particular attorney representing Defendant signed and served the interrogatories.

circumstances of this case, the Court finds it just and equitable that each party bear her/its own expenses and fees.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Responses to Its First Interrogatories (ECF No. 27) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall serve her amended interrogatory responses within **ten (10) days** of the date of this Order.

**IT IS FURTHER ORDERED that** Rule 26(g)(3) sanctions in the amount of $100.00 each are imposed against Plaintiff and Defendant's counsel, as set forth herein.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 22nd day of November 2010.


s/ David J. Waxse_____
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties